$25.00

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE BROWN & <br> ROXANNE BROWN, individually & <br> as H/W <br> 2522 North Charlotte Street <br> Pottstown, PA 19464 <br>      Plaintiff, <br><br> v. <br><br> NEW HANOVER TOWNSHIP <br> POLICE DEPARTMENT <br> 2943 N. Charlotte Street <br> Gilbertsville, PA 19525 <br><br> And <br><br> NEW HANOVER TOWNSHIP <br> 2943 N. Charlotte Street <br> Gilbertsville, PA 19525 <br><br> And <br><br> MICHAEL DYKIE, Chief of Police, <br> individually & in <br> his official capacity as a police officer <br> for New Hanover Township <br> 2943 N. Charlotte Street <br> Gilbertsville, PA 19525 <br><br> And <br><br> Anthony Calvanese, Police Officer, <br> individually & in <br> his official capacity as a police officer <br> for New Hanover Township <br> 2943 N. Charlotte Street <br> Gilbertsville, PA 19525 <br><br> And <br><br> Dennis Psota, Police Officer, <br> individually & in his <br> official capacity as a police officer for <br> New Hanover Township <br> 2943 N. Charlotte Street <br> Gilbertsville, PA 19525 <br><br> And | CIVIL ACTION NO.: <br> **07 2776** <br><br><br><br><br> Jury of Twelve (12) Jurors Demanded <br><br>  <br> FILED <br> JUL - 5 2007 <br> MICHAEL E. KUNZ, Clerk <br> By_____ Dep. Clerk |

1

John Does, 1-10                         :
                    Defendants.         :

## CIVIL ACTION COMPLAINT

### I. Jurisdiction

1. Plaintiff brings this case under federal, state, and constitutional laws and amendments, respectively.

2. Plaintiff seeks actual, statutory and punitive damages together with attorney's fees and costs, and injunctive relief.

3. Jurisdiction of this matter is conferred upon this Court by 28 U.S.C. §1331, supplemental jurisdiction over Plaintiff's state law claims granted by 28 U.S.C. §1367.

4. Venue lies in this judicial district in that the events that gave rise to this claim occurred here.

### II. Parties

5. Plaintiffs, Dale Brown and Roxanne Brown, are husband and wife and adult individuals residing at the above captioned address.

6. Defendant, New Hanover Township, is a municipality registered to transact business in the Commonwealth of Pennsylvania, with agents authorized to receive service of process at the above-listed address, and owns, operates, manages, directs and controls the New Hanover Township Police Department, which employs the above-captioned defendant police officers.

7. Defendant, New Hanover Township Police Department, at all times material is responsible for the training and conduct of its employees, and authorizes and supports their actions under color of state law pursuant to either official policy, custom or practice.

8. Defendant, Michael Dykie, Chief of Police, at all times material, was and/or is Chief of Police with New Hanover Township Police Department, acting under color of state law, pursuant to either official policy, custom or practice, in both an individual and/or official capacity. This Defendant was acting in concert and conspiracy with other employees/agents of New Hanover Township.

9. Defendant, Anthony Calvanese, Police Officer, at all times material, was and/or is a police officer with New Hanover Township Police Department, acting under color of state law, pursuant to either official policy, custom or practice, in both an individual and/or official capacity. This Defendant was acting in concert and conspiracy with other employees/agents of New Hanover Township Police Department, aiding and abetting same.

10. Defendant, Dennis Psota, Police Officer, at all times material, was and/or is a police officer with New Hanover Township Police Department, acting under color of state law, pursuant to either the official policy, custom or practice, in both an individual and/or official capacity. This Defendant was acting in concert and conspiracy with other employees/agents of New Hanover Township Police Department, aiding and abetting same.

11. Defendants, John Does, 1-10, at all times material, was and/or is police officers with New Hanover Township Police Department, acting under color of state law, pursuant to either the official policy, custom or practice in both an individual and/or official capacity. This Defendant was acting in concert and conspiracy with other employees/agents of New Hanover Township Police Department, aiding and abetting same.

**III. Facts**

12. On or about July 5, 2005, at or around 2522 North Cherlotte Street, Pottstown, Pennsylvania 19464, Defendants Police Officers entered onto Plaintiffs' property to taunt, harass and/or threaten Plaintiffs, without warrant or other legal justification.

13. While Defendants, Police Officers, were present on Plaintiffs' property, another hostile group of people approached Plaintiffs' property at Defendants instigation.

14. Defendants Police Officers allowed and, in fact, encouraged this hostile group to enter Plaintiffs' property and to taunt, harass, threaten and/or assault Plaintiffs.

15. Soon thereafter, Defendants, Police Officers began to taunt, harass and/or threaten Plaintiffs, as has been Defendants' custom and/or practice with Plaintiffs. The Defendant police officers who did not

actually taunt, harass, and/or threaten Plaintiffs, failed to prevent other officers from doing so, as is required.

16.     Defendants have a history and/or course of conduct of threatening, taunting and/or harassing Plaintiffs.

17.     Plaintiffs have filed informal complaints about Defendants' conduct.

18.     Plaintiffs' complaints, both written and oral, were summarily dismissed and/or were not addressed.

19.     Rather than taking disciplinary action against Defendants Police Officers, Defendant, Dykie, accused Plaintiffs of provoking the above referenced incident.

20.     At all times material, Defendants, New Hanover Township and New Hanover Township Police Department, was charged with the responsibility and duty of testing, hiring, training and supervising employees of the New Hanover Township Police Department, including Defendant Police Officers and Defendants Chief of Police.

21.     At all times material, Defendants were acting individually and/or in their official capacity and within the course and scope of their employment, and under color of state law.

22.     Defendant officers, acting in concert and conspiracy, participated in the taunting, harassing and/or threatening of Plaintiffs on or about July 5, 2005, and previously, either directly or by failing to restrain fellow officers who were taunting, harassing and/or threatening Plaintiffs.

23.     Defendants, New Hanover Township Police Department and New Hanover Township, with deliberate indifference, failed to properly train, supervise, and discipline the Defendant officers with respect to their police powers.  The failure to train, supervise and discipline the Defendant officers and other officers in the New Hanover Township Police Department caused the constitutional violations alleged in this Complaint.

24.     At all times material, the actions taken by Defendants deprived Plaintiffs of their constitutional, statutory, and/or other rights.

25. As result of the aforementioned misconduct, Plaintiffs have in the past and will in the future experience fear, mental anguish, emotional suffering, together with physical pain and suffering and other non-economic losses, along with economic losses, and will continue to suffer same for an indefinite period of time, perhaps permanently.

## COUNT I
## CIVIL RIGHTS VIOLATION

26. Plaintiffs incorporate paragraphs 1-25 as if same were fully set forth at length herein.

27. As a direct and proximate result of Defendants' conduct, committed under color of state law, Plaintiffs were deprived of their right to be secure in their person or property and to due process of law. As a result, Plaintiffs suffered and continues to suffer harm, in violation of their rights under the laws and Constitution of the United States of America, in particular the First, Fourth and Fourteenth Amendments thereto, and Title 42 U.S.C. §1983.

28. The actions described herein of Defendants were so malicious, intentional, and displayed with a reckless indifference to the rights, safety and well being of the Plaintiffs, that imposition of punitive damages are warranted.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants for compensatory damages in an amount in excess of $75,000.00, plus punitive damages (in excess of $250,000.00) against Defendants in their individual capacities, attorney's fees and costs, statutory, injunctive and such other relief and costs this Honorable Court deems necessary and just.

## COUNT II
## STATE LAW CLAIMS
## (PLAINTIFFS V. DEFENDANTS POLICE OFFICERS, INDIVIDUALLY)

29. Plaintiffs incorporate by reference paragraphs 1-28 above as if the same were fully set forth at length herein.

30. Defendants are heretofore additionally liable for: (1) international infliction of emotional distress; (2) assault and battery; (3) conspiracy; and (4) aiding and abetting.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants for compensatory damages in an amount in excess of $75,000.00, plus punitive damages (in excess of $250,000.00) against Defendants in their individual capacities, attorney's fees and costs, statutory, injunctive and such other relief and costs this Honorable Court deems necessary and just.

### COUNT III
### PUNITIVE DAMAGES
### (PLAINTIFFS V. DEFENDANTS POLICE OFFICERS, INDIVIDUALLY)

31. Plaintiffs incorporate paragraphs 1-30 as if same were fully set forth at length herein.

32. The actions and misconduct set forth above of Defendants was extreme and outrageous and done intentionally and/or recklessly and/or maliciously by Defendants against Plaintiffs.

33. Said actions and misconduct were done with bad motives and in wanton, willful and reckless disregard for the rights of Plaintiffs.

34. Plaintiffs herewith aver that Punitive Damages are warranted by the aforesaid conduct and actions and as a result of the aforementioned conduct, which is herewith incorporated by reference.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants for compensatory damages in an amount in excess of $75,000.00, plus punitive damages (in excess of $250,000.00) against Defendants in their individual capacities, attorney's fees and costs, statutory, injunctive and such other relief and costs this Honorable Court deems necessary and just.

PROCHNIAK WEISBERG, P.C.

/s/ Matthew B. Weisberg
MATTHEW B. WEISBERG
Rebecca M. Steiger
Attorney for Plaintiffs